**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 04-6583

TERRY CHARLES JENKINS,

Plaintiff - Appellant,

versus

LEXINGTON COUNTY SHERIFF'S DEPARTMENT; JAMES
METTS, Lexington County Sheriff; HARRY E.
PHILLIPS, JR.; CARLISLE MCNAIR, Lieutenant;
SCOTTIE FRIER, Investigator,

Defendants - Appellees.

Appeal from the United States District Court for the District of
South Carolina, at Columbia. Margaret B. Seymour, District Judge.
(CA-00-2722)

Submitted: September 22, 2004      Decided: November 4, 2004

Before WIDENER and SHEDD, Circuit Judges, and HAMILTON, Senior
Circuit Judge.

Affirmed by unpublished per curiam opinion.

Terry Charles Jenkins, Appellant Pro Se. Matthew Blaine Rosbrugh,
Andrew Frederick Lindemann, DAVIDSON, MORRISON & LINDEMANN, PA,
Columbia, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit.
See Local Rule 36(c).

PER CURIAM:

Terry Charles Jenkins appeals the district court's orders denying relief on his 42 U.S.C. § 1983 (2000) complaint and motion to reconsider. Jenkins alleged that his rights were violated because a conversation with his attorney was videotaped by the Defendants at the Lexington County Sheriff's Department without his knowledge. The portion of the videotape at issue was approximately twenty seconds long. The district court, accepting the magistrate judge's recommendation, denied relief on Jenkins' claims. We have reviewed the record and the district court's opinions and find no reversible error. Accordingly, with regard to Jenkins' claims that the recording violated his Fourth Amendment rights and his due process rights under the Fourteenth Amendment, we affirm for the reasons stated by the district court. See Jenkins v. Lexington County Sheriff's Dep't, No. CA-00-2722 (D.S.C. Sept. 30, 2003 & Feb. 26, 2004).

Jenkins also alleged that the recording violated his Sixth Amendment right to counsel. We find this claim is without merit because the portion of the tape at issue was suppressed at Jenkins' criminal trial, the audio portion of the tape could not be discerned, and, at a post-trial hearing on the matter, neither Jenkins nor his counsel could recall anything prejudicial being discussed during the conversation. Thus, under Weatherford v. Bursey, 429 U.S. 545, 558 (1977), Jenkins has failed to establish

- 2 -

a Sixth Amendment violation.  Accordingly, we affirm the dismissal of this claim on the basis of the Supreme Court's opinion in <u>Weatherford</u>.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>